1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC WILLIAMS,

11            Plaintiff,                    No. CIV S-06-2038 LKK KJM P

12        vs.

13   SGT. SWAN, et al.,                     ORDER AND

14            Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $3.98 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1    preceding month's income credited to plaintiff's prison trust account.  These payments will be

2    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4             The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8    be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10             In addition, the Prison Litigation Reform Act (PLRA) provides that "[n]o action

11   shall be brought with respect to prison conditions under section 1983 of this title, . . . until such

12   administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Conditions of

13   confinement" subject to exhaustion has been defined broadly as "'the effects of actions by

14   government officials on the lives of persons confined in prisons.'"  18 U.S.C. § 3626(g)(2);

15   Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001), cert. denied, 535 U.S. 906 (2002); see also

16   Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002).  The exhaustion requirement is

17   mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  In California, administrative

18   procedures generally are exhausted once a plaintiff has received a "Director's Level Decision,"

19   or third level review, with respect to his issues or claims.  15 Cal. Code Regs. § 3084.5.

20             The Ninth Circuit has recognized that a prisoner's concession of failure to exhaust

21   is a proper basis for dismissal.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir), cert. denied sub

22   nom. Alameida v. Terhune, 540 U.S. 810 (2003).

23             Plaintiff asserts three causes of action.  One states a claim; one is not exhausted;

24   and the third fails to state a claim even if it is exhausted.

25   /////

26   /////

1          A.  First Cause Of Action

2          Plaintiff alleges that on February 25, 2006, as he was being escorted, he was

3     handcuffed too tightly.  When he asked defendant Swan, the escort officer, to loosen the

4     handcuffs, defendant Swan replied, "So what, I'm not going to loosen the handcuffs, just file a

5     lawsuit . . . ."  Defendant Swan left plaintiff in a holding cell for two hours, still too tightly

6     handcuffed, which caused numbness and pain in plaintiff's wrist area.  Complaint at 5, 8.  This

7     action states a claim against defendant Swan.

8          B.  Second Cause Of Action

9          Plaintiff alleges that although prison doctors ordered that he be taken to an

10    outside hospital because he was running a high fever, defendant Guido, the escorting officer, did

11    not want to wait at the hospital and so convinced doctors to send plaintiff back to the California

12    Medical Facility.  Prison doctors again examined him, found he was worse, and directed that he

13    be returned to the outside hospital.

14         Plaintiff has attached the grievance he filed concerning this event, which is

15    stamped "REJECTED," and the explanation from the appeals coordinator that the grievance was

16    not timely.

17         The regulations provide that a grievance must be filed within fifteen working days

18    of the event or decision which triggered the grievance.  Cal. Code Regs. tit. 15, § 3084.6 (c).  In

19    this case, the incident about which plaintiff complained occurred on December 24, 2005; his

20    grievance was dated March 16, 2006.  This grievance, filed outside of the applicable time limits,

21    cannot serve to exhaust plaintiff's administrative remedies.  Woodford v. Ngo, __ U.S. __, 126

22    S.Ct. 2378, 2386 (2006) ("proper exhaustion demands compliance with an agency's deadlines

23    and other critical procedural rules").  The attachments to plaintiff's complaint are in essence a

24    concession that he has failed to exhaust administrative remedies as to his second cause of action.

25    /////

26    /////

3

1    C.  Third Cause Of Action

2            Plaintiff alleges that defendant Cry, the appeals coordinator, has not handled

3    several of his grievances appropriately, which denies him the right to petition the government for

4    redress of grievances.

5            Plaintiff has not exhausted his administrative remedies on this claim.  The "papers

6    related to grievance procedure for claim #3," attached to the complaint, include only a 602 form

7    and a staff complaint, with no indication that plaintiff received a director's level decision or any

8    other determination from the levels of review.  Indeed, under category H, "reasons for requesting

9    a Director's Level Review," plaintiff has written that the grievance was screened out.  These

10   documents also are a concession of a failure to exhaust administrative remedies.

11           In accordance with the above, IT IS HEREBY ORDERED that:

12           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

13           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

14   Plaintiff is assessed an initial partial filing fee of $3.98.  All fees shall be collected and paid in

15   accordance with this court's order to the Director of the California Department of Corrections

16   and Rehabilitation filed concurrently herewith.

17           3.  Service is appropriate for the following defendant: Swan.

18           4.  The Clerk of the Court shall send plaintiff one USM-285 form, one summons,

19   an instruction sheet and a copy of the complaint filed September 13, 2006.

20           5.  Within thirty days from the date of this order, plaintiff shall complete the

21   attached Notice of Submission of Documents and submit the following documents to the court:

22           a.  The completed Notice of Submission of Documents;

23           b.  One completed summons;

24           c.  One completed USM-285 form for the defendant listed in number 3

25           above; and

26           d.  Two copies of the endorsed complaint filed September 13, 2006.

4

1          6.  Plaintiff need not attempt service on defendant and need not request waiver of

2   service.  Upon receipt of the above-described documents, the court will direct the United States

3   Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4

4   without payment of costs.

5          IT IS HEREBY RECOMMENDED that claims two and three of the complaint be

6   dismissed for failure to exhaust administrative remedies.

7   DATED:  March 6, 2007.

8   _____
    U.S. MAGISTRATE JUDGE

9

10

11   2
     will2038.1+56

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC WILLIAMS,

11          Plaintiff,                      No. CIV S-06-2038 LKK KJM P

12       vs.

13   SST. SWAN, et al.,                     NOTICE OF SUBMISSION

14          Defendant.                      OF DOCUMENTS

15   _____/

16          Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18          __1__      completed summons form

19          __1__      completed USM-285 forms

20          __2__      copies of the September 13, 2006 Complaint

21   DATED:

22

23                                          _____
                                            Plaintiff

24

25

26